UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PASCUALA FERNANDEZ,<br>DIANA RAMIREZ,<br>and LORENZO SANCHEZ,<br><br>        Plaintiffs/Counter-Defendants,<br>and<br><br>DANUBIO GARIBAY, LUCY GARIBAY,<br>ANTONIA MARRON, VICTOR GUZMAN,<br>VICTOR N. GUZMAN, and<br>JUAN NOEDAL PADILLA,<br><br>        Plaintiffs,<br>  v.<br><br>ATA AIRLINES, INC.; and<br>EARL EDWIN ROGERS,<br><br>        Defendants/<br>        Counter-Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04 C 2662<br>Consolidated With<br>No. 04 C 2773<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This consolidated action, brought under the Warsaw Convention, arises from injuries the

Plaintiff passengers – Pascuala Fernandez, Diana Ramirez, Danubio Garibay, Lucy Garibay,

Antonia Marron, Victor Guzman, Victor N. Guzman, Juan Noedal Padilla, and

Lorenzo Sanchez – sustained while in transit on Defendant's, ATA Airlines, Inc.'s., flight from

Mexico to Chicago. Defendants, ATA Airlines Inc. and Earl Edwin Rogers (collectively,

"ATA") filed a Counterclaim against Pascuala Fernandez, Diana Ramirez, and Lorenzo Sanchez

(collectively, the "Counter-Defendants"). Presently before the Court is the Counter-Defendants'

Motion to Dismiss Counts I, II, IV, and V of ATA's Counterclaim.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the counterclaim and any reasonable inferences drawn therefrom in the light most favorable to the counter-plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (*"Marshall-Mosby"*). A counter-plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the [counter-]plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the [counterclaim], that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The Counterclaim arises in the context of a lawsuit filed after the Plaintiffs (the Counter-Defendants, for purposes of this motion) were injured after the aircraft in which they were flying, ATA International Flight 208, encountered turbulence during the trip from Guadalajara, Mexico, to Chicago's Midway Airport on April 18, 2002. (Counterclaim ¶¶ 6, 8).

On April 13, 2004, two of the Counter-Defendants (Ramirez and Fernandez), through their current counsel, the Nolan Law Group, filed a complaint against ATA, seeking recovery for their injuries sustained on Flight 208. (Counterclaim ¶ 20). On April 16, 2004, another Counter-Defendant (Sanchez) also filed suit against ATA. (Id., ¶ 21). On June 15, 2004, pursuant to ATA's motion, the Court consolidated the two cases. (Id., ¶ 24). ATA filed an Answer and

2

affirmative defenses in both cases on May 7, 2004. (Id., ¶ 22-23). In both cases, ATA asserted

an affirmative defense that the Counter-Defendants had previously settled their claims and

released ATA and, therefore, were barred from seeking additional recovery against ATA. (Id., ¶¶

22-23).

According to ATA, the Counter-Defendants were previously represented by Attorney

James M. Dowd; and Dowd submitted the claims of the Counter-Defendants and other

passengers to ATA's representatives' and insurers. (Counterclaim ¶¶ 9-10). The amounts

allegedly transmitted to the Counter-Defendants ranged from $75,000, for Fernandez and

Sanchez, to $10,000, for Ramirez. (Id., ¶ 10). The Counter-Defendants, according to ATA and

Dowd, signed a release of their claims in consideration of the payment received. (Id., ¶¶ 10, 13).

The releases read as follows:

RELEASE AND SETTLEMENT OF CLAIM

***

The undersigned hereby releases and forever discharges UNITED STATES
AVIATION UNDERWRITERS, INCORPORATED AS THE MANAGERS FOR
THE UNITED STATES AIRCRAFT INSURANCE GROUP, AND ITS
MEMBER COMPANIES

**AMERICAN TRANS AIR, INC./CHICAGO EXPRESS**

And all other persons, firms and corporations from all claims and demands, rights
and causes of action of any kind the undersigned has or hereafter may have on
account of or in any way growing out of Personal Injuries know or unknown to
me/us at the present time and/or Property Damage resulting or to result from an
occurrence with the above on or about April 18, 2002, and do hereby covenant to
indemnify and save harmless the said party or parties from and against all claims
and demands whatsoever on account of or in any way growing out of said
occurrence or its results both to person and property. This release expresses a full
and complete SETTLEMENT of a liability claimed and denied, regardless of the
above consideration, and the acceptance of this release shall not operate as an

3

admission of liability on the part of anyone nor as an estoppel, waiver or bar with respect to any claim the party or parties released may have against the undersigned. Witness my hand and seal.

You are making a final release.

This is a release: read before signing.

(Id., ¶ 14).

ATA, through their insurer, tendered settlement checks to the Counter-Defendants, through Dowd, with a portion paid to Dowd in satisfaction of his fees and lien and the balance being distributed to the Counter-Defendants. (Counterclaim ¶ 15). According to ATA's Counterclaim, before the Counter-Defendants filed their Complaint, neither the Counter-Defendants nor Dowd advised ATA or ATA's insurer that the Counter-Defendants did not understand the settlement. (Id., ¶ 16). The Counter-Defendants have not returned the settlement funds, nor have they sought to rescind the settlements. (Id., ¶¶ 18-19).

On May 10, 2005, ATA filed its motion for summary judgment on its affirmative defenses of accord and satisfaction. On May 17, 2005, the Court granted the Counter-Defendants leave to conduct discovery before responding to the motion. On that same date, ATA withdrew its motion for summary judgment; and the Court granted ATA leave to refile after the close of discovery.

On September 14, 2005, ATA sought leave to file a Counterclaim, which was granted over the Counter-Defendants' objections. ATA filed, *instanter,* a five-count Counterclaim.

Count I of the Counterclaim alleged ratification and estoppel; Count II was for indemnification and to hold harmless; Count III was for breach of contract; Count IV for unjust enrichment and estoppel; and Count V alleged fraud.

## ANALYSIS

### *General Objections: Timeliness and Bad Faith*

The Counter-Defendants assert that ATA's Counterclaim should be dismissed because it is untimely, in violation of Federal Rule of Civil Procedure 13, and because it is made in bad faith. According to the Counter-Defendants, ATA knew the alleged facts that form the basis of the Counterclaim at the time that the Answer and affirmative defenses were filed. In support of this, the Counter-Defendants note that the alleged facts that form the basis of the Counterclaim, at least in part, formed the basis for the third affirmative defense of release and satisfaction, which was filed nearly one-and-one-half years prior in the Answer to the original Complaint and more recently, in ATA's motion for summary judgment (which has now been withdrawn).

The Counter-Defendants argue that this Court may deny a defendant leave to file a counterclaim when the defendant fails to offer an excuse for not asserting the claim in the first instance or otherwise fails to explain its delay, citing *Carroll v. Acme-Cleveland Corp.*, 955 F.2d 1107 (7th Cir. 1992) (*"Acme-Cleveland"*). The Counter-Defendants further assert that ATA's claims are not counterclaims but are actually affirmative defenses. The Counter-Defendants assert that ATA was required to assert these affirmative defenses at the time of the filing of their Answer, Federal Rule of Civil Procedure 8(c); and ATA's failure to do so acts as a waiver, citing *Pinto Trucking Service, Inc. v. Motor Dispatch, Inc.*, 649 F.2d 530, 534 (7th Cir. 1981).

However, the Court, on September 14, 2005, granted ATA leave to file its Counterclaims, over the Counter-Defendants' objections; and ATA has filed the Counterclaim. As a result, this issue is moot.

Further, even if it were not moot, it would be improper to dismiss the Counterclaims. Federal Rule of Civil Procedure 13(f) provides that, "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed.R.Civ.P. 13(f). The Counter-Defendants improperly assert, citing *Acme-Cleveland Corp.*, that a party seeking counterclaim by amendment must meet two threshold requirements: (1) the party must explain why the claim was not asserted in the first instance, and (2) the party must explain the amendment's delay. This is incorrect. What *Acme-Cleveland* court said is that "[t]he District Court pursuant to 13(f) *has discretion* to deny a defendant's motion to file a counterclaim if the defendant fails to offer an explanation for not asserting the claim in the first instance or otherwise fails to explain its delay." *Acme-Cleveland Corp.*, 955 F.2d at 1114 (emphasis added). As a result, the Counterclaim is not automatically doomed, as the Counter-Defendants claim.

"[D]elay alone will not generally justify denying a motion to amend a pleading absent a showing of prejudice from the delay." *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994). Here, the Counter-Defendants clearly have notice that the question of the impact of the signature by the Counter-Defendants of the "Release and Settlement of Claim" is at issue in this litigation. ATA put the Counter-Defendants on notice with the filing of the affirmative defense in the Answer and then with ATA's filing of its summary judgment motion, which was withdrawn. Further, the Counter-Defendants sought and were granted leave to conduct additional discovery on this issue.

In *toto*, ATA has borne its burden of proving the absence of prejudice and the Counterclaims will not be dismissed for timeliness or for misdesignation.

The Counter-Defendants next assert that the Counterclaim is made in bad faith. The Counter-Defendants allege that because Counter-Defendants are citizens of a foreign country, do not speak or understand English, are not highly educated, are unfamiliar with U.S. law and procedure, sustained serious injuries as a result of the incident (including traumatic brain injuries), and because one of the Counter-Defendants (Ramirez) has Down Syndrome, ATA's Counterclaim is an attempt to intimidate the Counter-Defendants into surrendering their valid causes of action. They allege that this "intimidation" occurs in the context that ATA's insurer has already taken serious disadvantage of the Counter-Defendants. The sole authority cited by the Counter-Defendants, *Unispec Development Corp. v. Harwood, Kay, Smith & Partners*, 124 F.R.D. 211 (D. Ariz. 1988), is not controlling on this case and is factually quite different from the case at hand.

The Counter-Defendants assert a range of facts that are not properly considered on a motion to dismiss. In reviewing a motion to dismiss, the court reviews all facts alleged *in the counterclaim* and any reasonable inferences drawn therefrom in the light most favorable to the counter-plaintiff. *Marshall-Mosby*, 205 F.3d at 326. Here, the Counter-Defendants ask this Court to go beyond the pleadings to weigh the merits of the Counterclaim. As these factors are irrelevant at this stage, the Counterclaim will not be dismissed for bad faith.

*Count I: Ratification and Estoppel*

The Counter-Defendants assert that Count I of the Counterclaim for ratification and estoppel should be dismissed because ratification and estoppel are equitable defenses and may not be used to create a cause of action, citing *Cange v. Stotler & Co.*, 913 F.2d 1204 (7th Cir. 1990), and a string of other cases, all of which say, essentially, that: "Under Fed.R.Civ.P. 8(c), estoppel is an affirmative defense that a party must 'set forth affirmatively' in its answer. As a general matter, an affirmative defense that is not timely pled is waived." *Household Fin. Servs., Inc. v. Mortgage Group*, 2004 WL 2457781,*6 (N.D. Ill. 2004). The fact that ratification and estoppel can be pled as affirmative defenses is unquestionably true. What ATA argues, however, is that both estoppel and ratification can also be properly asserted causes of action, citing *Carl A. Haas Auto. Imports, Inc. v. Lola Cars Ltd.*, 933 F. Supp. 1381, 1391 (N.D. Ill. 1996) (*"Carl A. Haas Auto. Imports, Inc.."*)

The Court agrees that the *Carl A. Haas Auto. Imports, Inc.* case supports the proposition that estoppel can be a theory of recovery; however, as pled, ATA can prove no set of facts in support of their ratification and estoppel claims which would entitle them to relief. As a result, Counter-Defendants' Motion as to Count I of the Counterclaim is granted.

*Count II: Indemnification and Hold Harmless*

In Count II of the Counterclaim, ATA alleges that the Release and Settlement agreement signed by the Counter-Defendants, which included a clause to release and hold ATA harmless, now requires the Counter-Defendants to indemnify and hold harmless ATA from the Counter-Defendants' claims against them. The Counter-Defendants they assert that an indemnity and hold harmless agreement is intended to protect a releasee from claims from other parties, such as

8

lien-holders. They assert that the indemnity and hold harmless provisions are not intended to be used to compel an alleged releasor to indemnify and hold harmless the alleged releasee against claims by the releasor himself, citing *Sundance v. American*, 799 F. Supp. 363 (SDNY 1992) (*"Sundance"*).

In reply, ATA claims that *Sundance* is not on point because it involved a party attempting to use the hold harmless provision in a contract as a sword to obtain a release from a contracting party. Here, says ATA, it is using the hold harmless provision in the release as a shield to prevent any further recovery by the Counter-Defendants against ATA. ATA cites *Airtran v. City of Chicago*, 2003 WL 22989646 (ND Ill. 2003) (*"Airtran"*). In *Airtran*, the City, as indemnitee, asserted an indemnification provision in a separate "use and lease contract" with Airtran, as a basis for precluding claims brought by Airtran against the City for the City's own negligence. In reply, the Counter-Defendants assert that the differences in factual posture – i.e., that in *Airtran*, the City was asserting the agreement between the parties in separate litigation; where here, ATA is attempting to use the clause in the underlying litigation, submitting that this could never have been the intent of the language in the alleged release.

This raises a factual question which is not properly addressed on a motion to dismiss. As a result, Counter-Defendants' Motion as to Count II of the Counterclaim is denied.

*Count IV: Unjust Enrichment*

The Counter-Defendants assert that ATA failed to state a cause of action for unjust enrichment and restitution because, in support of their motion, ATA only repeated that the Counter-Defendants settled their claims against ATA and that if the settlements are not enforced, the Counter-Defendants will have been unjustly enriched by accepting, keeping, and failing to

return the settlement funds. The Counter-Defendants claim that, because unjust enrichment is an equitable remedy (i.e., only available when there is no adequate remedy at law) and the fact that there is a specific contract between the parties, the doctrine of unjust enrichment has no application, citing *Guinn v. Hoskins Chevrolet*, 2005 WL 2276975 (Ill. App. 1st Dist. 2005). While the Counter-Defendants admit that ATA could plead in the alternative, alleging both breach of contract and unjust enrichment, they argue that unjust enrichment must be coupled with an underlying cause of action and that ATA has failed to allege such a cause of action.

The Federal Rules of Civil Procedure permit parties to plead alternative and inconsistent claims, including claims for a breach of contract and unjust enrichment. Fed. R. Civ. P. 8(e)(2); *Lilly v. Ford Motor Co.*, No. 00 C 7372, 2002 WL 84603, at *6 (N.D. Ill. Jan. 22, 2002). Thus, although ATA cannot recover on the breach of contract claim and the unjust enrichment claim, ATA may plead both causes of action. In order to make out a case of unjust enrichment, ATA must allege: (1) that the Counter-Defendants were enriched; (2) that such enrichment was at the expense of ATA; (3) that the circumstances were such that in equity and good conscience, the Counter-Defendants cannot hold and enjoy. Here, in the Counterclaim, ATA alleged each element. Therefore, based on the above, ATA has properly stated a claim for unjust enrichment against the Counter-Defendants.

*Count V: Fraud*

In Count V, ATA alleges that the Counter-Defendants misrepresented that they would release and discharge ATA. The Counter-Defendants assert that ATA's Counterclaim for fraud is based wholly on an alleged misrepresentation by the Counter-Defendants to do a future act, i.e., to release and discharge ATA. Therefore, the Counter-Defendants assert, ATA fails to state

a claim for fraud because a fraud claim may not be based on a promise to do a future act, a proposition for which the Counter-Defendants cite *Advent Electronics, Inc. v. Buckman*, 918 F. Supp. 260 (N.D. Ill. 1996).

In response, ATA asserts that it fails under the "scheme exception" and cites *Carl A. Haas Auto. Imports, Inc. v. Lola Cars Ltd.*, 933 F. Supp. 1381, 1391 (N.D. Ill. 1996) extensively for this proposition. The court in *Carl A. Haas Auto. Imports, Inc.* explained that "mere assertions that, at the time it made the representations, the defendant had no intention to later follow them, cannot be sufficient to state a cause of action for fraud; otherwise every breach of contract claim could also be a fraud claim," however, "if those assertions are coupled with an allegation that the intentionally false promises were made with an intent to induce reliance, that suffices to state a cause of action." *Carl A. Haas Auto. Imports, Inc.*, 933 F. Supp. at 1392. Without specifically identifying the scheme exception in the Counterclaim, ATA did sufficiently plead the scheme exception in its Counterclaim. As it does not appear beyond a doubt that ATA can prove no set of facts in support of their fraud claims which would entitle them to relief. As a result, Defendants' Motion as to Count V of the Counterclaim is denied.

## CONCLUSION

Based on the above, Counter-Defendants' Motion to Dismiss ATA's Counterclaim is granted with respect to Counts I, and denied with respect to Counts II, IV, and V.

Dated: January 19, 2006

JOHN W. DARRAH
United States District Court Judge

11